**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| Station Clementina | : | CIVIL ACTION |
| BP: 20501, | : | |
| Agadir 80000 Morocco, | : | |
|     and | : | |
| Domaine El Boura, | : | |
| BP: 259 | : | No. 12-cv-9109-RA |
| Taroudant 83000 Morocco | : | |
|     and | : | |
| Limouna Souss, | : | |
| Sebt El Guerdane | : | |
| B.P. 240, | : | |
| Taroudant, Morocco | : | |
|     and | : | |
| South Western Fruit, | : | |
| 5, Boulevard Abdellatif Ben Kaddour, | : | |
| 20100 Casablanca, Morocco, | : | |
|     and | : | |
| Tom Lange Company International, Inc. | : | |
| d/b/a Seven Seas Fruit | : | |
| One Woodbridge Center, Suite 206 | : | |
| Woodbridge, NJ 07095 | : | |
|     and | : | |
| Tom Lange (Canada) Inc. | : | |
| d/b/a Global Fresh Import & Export, | : | |
| 165 The Queensway #317 | : | |
| Toronto, ON Canada M8y 1H8 | : | |
|         Plaintiffs | : | |
|     v. | : | |
| M/V REECON WHALE, her engines, | : | |
| machinery, tackle, apparel, etc, *in rem* | : | |
|     and | : | |
| M/V K-Wave, her engines, machinery, tackle, | : | |
| apparel, etc., *in rem* | : | |
|     and | : | |
| M/V Maersk Virginia, her engines, | : | |
| machinery, tackle, apparel, etc., *in rem* | : | |
|     and | : | |
| M/V Camellia, her engines, machinery, | : | |
| tackle, apparel, etc., *in rem* | : | |
|     and | : | ECF CASE |

M/V Westertal, her engines, machinery,                    :
tackle, apparel, etc., *in rem*                            :
      and                     :
M/V Maersk Jurong, her engines, machinery,                :
tackle, apparel, etc., *in rem*                            :
      and                     :
M/V Maersk Jubail, her engines, machinery,                :
tackle, apparel, etc., *in rem*                            :
      and                     :
M/V Concordia, her engines, machinery,                    :
tackle, apparel, etc., *in rem*                            :
      and                     :
M/V Maersk Davao, her engines, machinery,                 :
tackle, apparel, etc., *in rem*                            :
      and                     :
M/V MSC Maya, her engines, machinery,                     :
tackle, apparel, etc., *in rem*                            :
      and                     :
M/V MSC Ela, her engines, machinery,                      :
tackle, apparel, etc., *in rem*                            :
      and                     :
M/V Maersk Denpasar, her engines, machinery,              :
tackle, apparel, etc., *in rem*                            :
      and                     :
M/V CMA/CGA Lavender, her engines,                        :
machinery, tackle, apparel, etc., *in rem*                :
      and                     :
M/V CMA/CGA Coral, her engines, machinery,                :
tackle, apparel, etc., *in rem*                            :
      and                     :
M/V Liwia P, her engines, machinery,                      :
tackle, apparel, etc., *in rem*                            :
      and                     :
A.P. Moller - Maersk, A/S                                 :
t/a Maersk Line,                                          :
2 Giralda Farms, Madison Avenue,                          :
Madison, NJ 07940-0880                                    :
      and                     :
Maersk, Inc.                                              :
2 Giralda Farms, Madison Avenue                           :
Madison, NJ 07940-0880                                    :
      and                     :
MSC Mediterranean Shipping Company S.A.,                  :

40 Avenue Eugene Pittard,            :
1206 Geneva, Switzerland           :
     and                        :
John Doe Carriers 1-9,              :
John Doe Corporations 1-9, and   :
John Non-Corporate Entities, 1-9   :
jointly and individually         :     12-cv-

**VERIFIED COMPLAINT IN ADMIRALTY
IN REM AND IN PERSONAM**

Plaintiffs, by and through their undersigned attorneys, bring this civil action against

Defendants and upon information and belief aver as follows:

1.      Plaintiffs Station Clementina (hereinafter "Clementina"), Domaine El Boura

(hereinafter "El Boura"), Limouna Souss, South Western Fruit ( hereinafter 'SWF"), Tom Lange

Company International, Inc. d/b/a Seven Seas Fruit (hereinafter "Seven Seas"), and Tom Lange

(Canada) Inc. d/b/a Global Fresh Import & Export (hereinafter "Global Fresh") (hereinafter

collectively "Plaintiffs"), bring this suit against Defendants under the provisions of 28 U.S.C.

Section 1333, as this is an admiralty and maritime claim within the meaning of Rule 9(h) of the

Federal Rules of Civil Procedure and the specific procedures of said Rules relative to admiralty

actions.

2.      At all times hereinafter mentioned, Plaintiffs were and still are business entities

duly organized and existing under the law with offices and places of business as set forth in the

caption, and were and still are shippers and exporters, and/or importers, and/or consignees,

and/or owners of the cargo referenced in the Complaint, *inter alia*.

3.      Upon information and belief, at all times hereinafter mentioned, Defendant

vessels M/V REECON WHALE, K-WAVE, MAERSK VIRGINIA, CAMELLIA,

WESTERTAL, MAERSK JURONG, MAERSK JUBAIL, CONCORDIA, MAERSK DAVAO,

MSC MAYA, MSC ELA, MAERSK DENPASAR, CMA/CGA LAVENDER, CMA/CGA

CORAL, and LIWIA P(hereinafter "Vessel Defendants"), were and still are vessels operated as

common and/or private carriers of goods in ocean transportation, and upon information and

belief, they will during the pendency of this action, be within this District and subject to the

jurisdiction of this Honorable Court.

      4.      Upon information and belief, at all times hereinafter mentioned, Defendants A.P.

Moller - Maersk A/S, t/a Maersk Line and Maersk, Inc. (hereinafter collectively "Maersk"), and

MSC Mediterranean Shipping Company S.A. (hereinafter "MSC") were and still are business

entities duly organized and existing under the law, with the addresses set forth in the caption, and

was/were the owner(s), and/or disponent owner(s), and/or charterer(s), and/or manager(s), and/or

operator(s) of the Vessel Defendants, as identified in the Exhibits to the Complaint, and

was/were engaged in the common and/or private carriage of merchandise by water for hire.

      5.      Defendants John Doe Carriers 1-9, John Doe Corporations 1-9, and John Doe

Non-corporate Entities 1-9 are presently unknown individuals, corporations, or non-corporate

entities (hereinafter collectively "John Doe Defendants") who was/were the owner(s), and/or

disponent owner(s), and/or charterer(s), and/or manager(s), and/or operator(s) of the Vessel

Defendants as identified in the Exhibits to the Complaint, and was/were engaged in the common

and/or private had possession of the subject cargo and/or were Carriers of the subject cargo.

      6.      Plaintiffs were and/or are the shippers, and/or consignees, and/or owners, and/or

successors in title of the cargo described within and they bring this action on their behalf and as

agents and trustees on behalf of and for the interest of all parties who are, may be, or become

interested in said shipment, as their respective interests may ultimately appear, and Plaintiffs are entitled to maintain this action.

7.     Plaintiffs and all other parties in interest have duly performed all valid conditions precedent to the contracts of carriage on their part to be performed and all conditions precedent to Plaintiffs recovering under the bills of lading have occurred or have been performed by Plaintiffs and/or their predecessors in title.

8.     At all times material hereto, Defendants were and are now engaged in the business of common carriage and/or private carriage of merchandise by water for hire and owned, operated, managed, chartered, possessed, and/or controlled various vessels, including the vessels identified in the exhibits attached to the Complaint, as common and/or private carriers of merchandise for hire.

9.     Vessels owned, operated, managed, chartered, possessed, and/or controlled by Defendants have used the ports of the State of New York and New Jersey, discharged and loaded cargo therein, been supplied services and stores therein, and Defendants are subject to service of process under the applicable admiralty practice and the statutes of the State of New York.

10.     Prior to the commencement of this action, Plaintiffs became the owner for value of the cargo in question and the covering bills of lading, and/or the successor in title to the rights and interest of the holders of the bills of lading, and bring this action on behalf of, and for the interest of all parties who are or may become, interested in the cargo in question as their respective interests may ultimately appear.

11.     Plaintiffs seek recovery/relief for damage to cargo carried in ocean transportation from Agadir, Morocco, and/or other foreign ports, to ports and terminals in the New York-New

Jersey port/region. In each instance, the Plaintiffs for each claim are the shipper(s), consignee(s), and/or owners of the cargo, and in each instance, the Defendants are the parties that issued or ratified the bills of lading and/or are the carriers of the cargo referenced herein.

12.     Exhibits "A" through "G" of the Complaint describe the shipments for which claims are being made by Plaintiffs. The Exhibits are incorporated by reference as if fully set forth herein. Each Exhibit describes the identities of the subject containers, a description of the cargo carried therein, the bill of lading number, the estimated dates of departure and arrival, the vessels on which the cargo was transported, and the estimated amount of loss sustained as a result of the cargo being delivered by the Defendants at the place of destination in a damaged condition.  The Exhibits also include copies of relevant bills of lading which Plaintiffs have access to at this time. .

13.     For each shipment, the Defendants were contractually and/or otherwise obligated through custom, trade, practice, and/or prior experience to comply with a cold treatment protocol.

14.     The Defendants were otherwise, through custom, trade, practice, or prior experience, required to properly care for and to perform a proper cold treatment in accordance with laws and regulations.

15.     For each shipment, the Defendants had actual and/or constructive notice and knowledge of the cold treatment requirements which they were required to perform to allow for the importation of the cargo.

16.     For each shipment, the Defendants were given instructions as to the proper care of the cargo, including the appropriate conditions of temperature at which the cargo was to be transported, and the required cold treatment schedule.

17.     All and singular, the matters alleged are true and correct.

18.     Plaintiffs reserve the right to amend and supplement this Complaint as further

facts become available.

## COUNT ONE

**(CLEMENTINA AND SEVEN SEAS V. MAERSK, JOHN DOE DEFENDANTS AND
VESSELS REECON WHALE, K-WAVE, MAERSK VIRGINIA, CAMELLIA,
WESTERTAL, CONCORDIA, MAERSK DAVAO, MAERSK DENPASAR, CMA-CGM
LAVENDER, AND CMA CGM CORAL)**

19.     Plaintiffs incorporate the averments contained in all preceding paragraphs,

inclusive, with the same force and effect as if fully set forth herein.

20.     The particulars of the shipments and parties which are the subject of this Count of

the Complaint are described  in Exhibit "A."

21.     On or about the dates set forth in Exhibit "A"at Agadir, Morocco (hereinafter

"place of loading"), there was shipped and delivered to the Maersk, John Doe Defendants, and

the Defendant vessels REECON WHALE, K-WAVE, MAERSK VIRGINIA, CAMELLIA,

WESTERTAL, CONCORDIA, MAERSK DAVAO, MAERSK DENPASAR, CMA-CGM

LAVENDER, and CMA CGM CORAL, as common and/or private carriers, for delivery to the

ports and/or places of destination set forth in the bills of lading, cargoes of clementines in boxes,

owned by, and/or shipped by, and/or consigned to Plaintiffs Clementina and Seven Seas, then

being in good order and condition, and Defendants then and there accepted said cargo so shipped

and delivered to them, and in consideration of certain agreed freight charges, executed and

delivered, and/or ratified, certain bills of lading, as identified in Exhibit "A," to the shippers of

said cargo, and/or pursuant to other contract(s) of carriage, agreed to transport and carry the said

shipments to the destination stated therein and there deliver the same in like good order and condition as when shipped, delivered to, and received by them, to the consignees named in the bills of lading.

22.    The Maersk Defendants, the John Doe Defendants, and the Defendant Vessels also were contractually and/or otherwise obligated pursuant to custom, trade, practice, or prior experience, to perform a proper cold treatment to the cargo in accordance with laws and regulations.

23.    Thereafter, Defendants loaded the said merchandise on the vessels, which having on board said merchandise, sailed from the port(s) of loading but, upon delivery of the cargo to the consignees, the cargo was not in the same good order and condition as when delivered to Defendants and the vessels, but rather, the cargo was seriously impaired in value by reason of sustaining physical damage and/or shortage, *inter alia*.

24.    Defendants unreasonably delayed and/or deviated in delivering the cargo at the required place of delivery, such unreasonable delay or deviation causing or contributing to the damage to the cargo.

25.    The loss of and damage to Plaintiffs' merchandise was not caused by any act or omission of Plaintiffs or those for whom they may be responsible, but instead was caused by the unseaworthiness of the Defendant vessels and the violation of Defendants' duties and obligations as common carriers by water for hire, and/or private carriers by water for hire, and the breach of Defendants' contracts of carriage and other agreements with Plaintiffs, and/or their failure to properly care for and to perform a proper cold treatment in accordance with laws and regulations, contractual obligations, and/or custom, trade, practice, or prior experience, and/or their failure to

-8-

properly and timely deliver the cargo at destination.

26.    By reason of the unseaworthiness of the Defendant vessels, and/or Defendants'

breach of the contracts of carriage and other agreements with Plaintiffs, and/or their failure to

comply with laws and regulations, contractual obligations, and/or custom, trade, practice, or prior

experience with Plaintiffs, or as has been established in the trade, and/or their failure to properly

care for and to perform a proper cold treatment in accordance with laws and regulations,

contractual obligations and/or custom, trade, practice, or prior experience, and/or their failure to

properly and timely deliver the cargo at destination, Plaintiffs Clementina and Seven Seas have

sustained damages as described in Exhibit "A", plus interest, costs, and attorney's fees. Plaintiffs

reserve the right to increase this amount should their losses ultimately be in excess thereof.

27.    The applicable bills of lading and/or contracts of carriage are governed by the

general maritime law of the United States and/or the Carriage of Goods by Sea Act, Ch. 229, 49

Stat 1207 (1936), reprinted in note following 46 U.S.C. §30701, formerly 46 U.S.C. appx. §1300

et seq., and/or the Harter Act, and/or other applicable treaties, laws or conventions.

28.    By reason of the aforesaid, Plaintiffs have maritime liens on the Defendant

vessels.

WHEREFORE, Plaintiffs pray that:

(a)    Process of arrest in due form of law according to the practice of this

Honorable Court in causes of admiralty and maritime claims may issue against the vessels, their

engines, boilers, etc. as provided in the Supplemental Admiralty Rules of the Federal Rules of

Civil Procedure; that all persons having or claiming any interest therein be cited to appear and

answer, under oath, all and singular, the matters herein; that judgment be entered in favor of

Plaintiffs for the damages as aforesaid, with interest, costs, and attorney's fees; that the said vessels be condemned and sold, and the proceeds of said sale be brought into this Court and applied to pay Plaintiffs the sums found due them.

      (b)     Process in due form of law according to the practice of this Honorable Court may issue against Defendants citing them to appear and answer, under oath, all and singular the matters herein.

      (c)     If Defendants cannot be found within this District, then all of their property, credits, and/or effects in the possession of any person, partnership, or corporation, including any vessel owned or operated by said Defendants, be attached as provided in the Supplemental Admiralty Rules of the Federal Rules of Civil Procedure in an amount double the above claimed damages.

      (d)     Judgment be entered in favor of Plaintiffs and against Defendants, jointly or severally, for the damages and losses as aforesaid, with interest, costs, and attorney's fees.

      (e)     The Court grant such other and further relief to Plaintiffs as in law and justice they may be entitled to receive.

## COUNT TWO

**(CLEMENTINA AND SEVEN SEAS V. MAERSK, JOHN DOE DEFENDANTS AND VESSELS REECON WHALE, K-WAVE, MAERSK VIRGINIA, CAMELLIA, WESTERTAL, CONCORDIA, MAERSK DAVAO, MAERSK DENPASAR, CMA-CGM LAVENDER, AND CMA CGM CORAL.)**

     29.    Plaintiffs incorporate the averments of paragraphs 1-28, inclusive, with the same force and effect as if fully set forth herein.

     30.    The loss of and damage to the cargo of Clementina and Seven Seas was caused

by the carelessness, negligence, breach of duty, breach of warranty, breach of their obligations as

bailees, and lack of due care of the Maersk, John Doe and Vessel Defendants.

31.     By reason of the Maersk, John Doe, and Vessel Defendants' carelessness,

negligence, breach of duty or breach of warranty, breach of their obligations as bailees, and lack

of due care, Clementina and Seven Seas have sustained damages described in Exhibit "A", plus

interest, costs, and attorney's fees. Plaintiffs reserve the right to increase this amount should their

losses ultimately be in excess thereof.

32.     By reason of the aforesaid, Plaintiffs have maritime liens on the vessels.

WHEREFORE, Plaintiffs pray that:

(a)     Process of arrest in due form of law according to the practice of this

Honorable Court in causes of admiralty and maritime claims may issue against the vessels, their

engines, boilers, etc. as provided in the Supplemental Admiralty Rules of the Federal Rules of

Civil Procedure; that all persons having or claiming any interest therein be cited to appear and

answer, under oath, all and singular, the matters herein; that judgment be entered in favor of

Plaintiffs for the damages as aforesaid, with interest, costs, and attorney's fees; that the said

vessels be condemned and sold, and the proceeds of said sale be brought into this Court and

applied to pay Plaintiffs the sums found due them.

(b)     Process in due form of law according to the practice of this Honorable

Court may issue against Defendants citing them to appear and answer, under oath, all and

singular, the matters herein.

(c)     If Defendants cannot be found within this District, then all of their

property, credits, and/or effects in the possession of any person, partnership, or corporation,

including any vessel owned or operated by said Defendants, be attached as provided in the

Supplemental Admiralty Rules of the Federal Rules of Civil Procedure in an amount double the

above claimed damages.

(d)    Judgment be entered in favor of Plaintiffs and against Defendants, jointly

or severally, for the damages as aforesaid, with interest, costs, and attorney's fees.

(e)    The Court grant such other and further relief to Plaintiffs as in law and

justice they may be entitled to receive.

## COUNT THREE

### (EL BOURA AND SEVEN SEAS V. MAERSK, JOHN DOE DEFENDANTS AND VESSELS REECON WHALE, K-WAVE, MAERSK VIRGINIA, CAMELLIA, WESTERTAL, CONCORDIA, MAERSK DAVAO, MAERSK DENPASAR, CMA-CGM LAVENDER, AND LIWIA P)

33.    Plaintiffs  incorporate the averments contained in paragraphs 1-18, inclusive, with

the same force and effect as if fully set forth herein.

34.    The particulars of the shipments and parties which are the subject of this Count of

the Complaint are described in Exhibit "B."

35.    On or about the dates set forth in Exhibit "B"at Agadir, Morocco (hereinafter

"place of loading"), there was shipped and delivered to the Maersk, the John Doe Defendants,

and to the Defendant vessels REECON WHALE, K-WAVE, MAERSK VIRGINIA,

CAMELLIA, WESTERTAL, CONCORDIA, MAERSK DAVAO, MAERSK DENPASAR,

CMA-CGM LAVENDER, and LIWIA P, as common and/or private carriers, for delivery to the

ports and/or places of destination set forth in the bills of lading, cargoes of clementines in boxes,

owned by, and/or shipped by, and/or consigned to Plaintiffs El Boura and Seven Seas, then being

in good order and condition, and Defendants then and there accepted said cargo so shipped and delivered to them, and in consideration of certain agreed freight charges, executed and delivered, and/or ratified certain bills of lading, as identified in Exhibit "B," to the shippers of said cargo and/or pursuant to other contract(s) of carriage, agreed to transport and carry the said shipments to the destination stated therein, and there deliver the same in like good order and condition as when shipped, delivered to, and received by them, to the consignees named in the bills of lading.

36.     The Maersk Defendants, the John Doe Defendants, and the Defendant Vessels also were contractually and/or otherwise obligated pursuant to custom, trade, practice, or prior experience, to perform a proper cold treatment to the cargo in accordance with laws and regulations.

37.     Thereafter, Defendants loaded the said merchandise on the vessels, which having on board said merchandise, sailed from the port(s) of loading but, upon delivery of the cargo to the consignees, the cargo was not in the same good order and condition as when delivered to Defendants and the vessels, but rather, the cargo was seriously impaired in value by reason of sustaining physical damage and/or shortage, *inter alia.*

38.     Defendants unreasonably delayed and/or deviated in delivering the cargo at the required place of delivery, such unreasonable delay or deviation causing or contributing to the damage to the cargo.

39.     The loss of and damage to Plaintiffs' merchandise was not caused by any act or omission of Plaintiffs or those for whom they may be responsible, but instead was caused by the unseaworthiness of the Defendant vessels and the violation of Defendants' duties and obligations as common carriers by water for hire, and/or private carriers by water for hire, and the breach of

Defendants' contracts of carriage and other agreements with Plaintiffs, and/or their failure to properly care for and to perform a proper cold treatment in accordance with laws and regulations, contractual obligations, and/or custom, trade, practice, or prior experience, and/or their failure to properly and timely deliver the cargo at destination.

40.     By reason of the unseaworthiness of the Defendant vessels, and/or Defendants' breach of the contracts of carriage and other agreements with Plaintiffs, and/or their failure to comply with laws and regulations, contractual obligations, and/or custom, trade, practice, or prior experience with Plaintiffs, or as has been established in the trade, and/or their failure to properly care for and to perform a proper cold treatment in accordance with laws and regulations, contractual obligations, and/or custom, trade, practice, or prior experience, and/or their failure to properly and timely deliver the cargo at destination, Plaintiffs El Boura and Seven Seas have sustained damages as described in Exhibit "B" plus interest, costs, and attorney's fees. Plaintiffs reserve the right to increase this amount should their losses ultimately be in excess thereof.

41.     The applicable bills of lading and/or contracts of carriage are governed by the general maritime law of the United States and/or the Carriage of Goods by Sea Act, Ch. 229, 49 Stat 1207 (1936), reprinted in note following 46 U.S.C. §30701, formerly 46 U.S.C. appx. §1300 et seq., and/or the Harter Act, and/or other applicable treaties, laws, or conventions.

42.     By reason of the aforesaid, Plaintiffs have maritime liens on the Defendant vessels.

WHEREFORE, Plaintiffs pray that:

(a)     Process of arrest in due form of law according to the practice of this Honorable Court in causes of admiralty and maritime claims may issue against the vessels, their

engines, boilers, etc. as provided in the Supplemental Admiralty Rules of the Federal Rules of Civil Procedure; that all persons having or claiming any interest therein be cited to appear and answer, under oath, all and singular, the matters herein; that judgment be entered in favor of Plaintiffs for the damages as aforesaid, with interest, costs, and attorney's fees; that the said vessels be condemned and sold, and the proceeds of said sale be brought into this Court and applied to pay Plaintiffs the sums found due them.

(b)     Process in due form of law according to the practice of this Honorable Court may issue against Defendants citing them to appear and answer, under oath, all and singular, the matters herein.

(c)     If Defendants cannot be found within this District, then all of their property, credits, and/or effects in the possession of any person, partnership, or corporation, including any vessel owned or operated by said Defendants, be attached as provided in the Supplemental Admiralty Rules of the Federal Rules of Civil Procedure in an amount double the above claimed damages.

(d)     Judgment be entered in favor of Plaintiffs and against Defendants, jointly or severally, for the damages and losses as aforesaid, with interest, costs, and attorney's fees.

(e)     The Court grant such other and further relief to Plaintiffs as in law and justice they may be entitled to receive.

## COUNT FOUR

**(EL BOURA AND SEVEN SEAS V. MAERSK, JOHN DOE DEFENDANTS AND VESSELS REECON WHALE, K-WAVE, MAERSK VIRGINIA, CAMELLIA, WESTERTAL, CONCORDIA, MAERSK DAVAO, MAERSK DENPASAR, CMA-CGM LAVENDER, AND LIWIA P.)**

43.     Plaintiffs incorporate the averments contained in paragraphs 1-18, and 32-40, inclusive, with the same force and effect as if fully set forth herein.

44.     The loss of and damage to the cargo of El Boura and Seven Seas was caused by the carelessness, negligence, breach of duty, breach of warranty, breach of their obligations as bailees, and lack of due care of the Maersk, John Doe, and Vessel Defendants.

45.     By reason of the Maersk, John Doe, and Vessel Defendants' carelessness, negligence, breach of duty or breach of warranty, breach of their obligations as bailees, and lack of due care, Plaintiffs El Boura and Seven Seas have sustained damages described in Exhibit "B" plus interest, costs, and attorney's fees. Plaintiffs reserve the right to increase this amount should their losses ultimately be in excess thereof.

46.     By reason of the aforesaid, Plaintiffs have maritime liens on the vessels.

WHEREFORE, Plaintiffs pray that:

(a)     Process of arrest in due form of law according to the practice of this Honorable Court in causes of admiralty and maritime claims may issue against the vessels, their engines, boilers, etc. as provided in the Supplemental Admiralty Rules of the Federal Rules of Civil Procedure; that all persons having or claiming any interest therein be cited to appear and answer, under oath, all and singular, the matters herein; that judgment be entered in favor of Plaintiffs for the damages as aforesaid, with interest, costs, and attorney's fees; that the said vessels be condemned and sold and the proceeds of said sale be brought into this Court and applied to pay Plaintiffs the sums found due them.

(b)     Process in due form of law according to the practice of this Honorable Court may issue against Defendants citing them to appear and answer, under oath, all and

-16-

singular, the matters herein.

(c)     If Defendants cannot be found within this District, then all of their property, credits, and/or effects in the possession of any person, partnership, or corporation, including any vessel owned or operated by said Defendants, be attached as provided in the Supplemental Admiralty Rules of the Federal Rules of Civil Procedure in an amount double the above claimed damages.

(d)     Judgment be entered in favor of Plaintiffs and against Defendants, jointly or severally, for the damages as aforesaid, with interest, costs, and attorney's fees.

(e)     The Court grant such other and further relief to Plaintiffs as in law and justice they may be entitled to receive.

## COUNT FIVE

## (EL BOURA AND SEVEN SEAS V. MSC, JOHN DOE DEFENDANTS, AND VESSELS MSC MAYA AND MSC ELA)

47.     Plaintiffs incorporate the averments contained in paragraphs 1-18, inclusive, with the same force and effect as if fully set forth herein.

48.     The particulars of the shipments and parties which are the subject of this Count of the Complaint are described in Exhibit "C."

49.     On or about the dates set forth in Exhibit "C"at Agadir, Morocco (hereinafter "place of loading"), there was shipped and delivered to the MSC, John Doe Defendants, and the Defendant vessels MSC MAYA and MSC ELA, as common and/or private carriers, for delivery to the ports and/or places of destination set forth in the bills of lading, cargoes of clementines in boxes, owned by, and/or shipped by, and/or consigned to Plaintiffs El Boura and Seven Seas,

-17-

then being in good order and condition, and Defendants then and there accepted said cargo so shipped and delivered to them, and in consideration of certain agreed freight charges, executed and delivered, and/or ratified certain bills of lading, as identified in Exhibit "C," to the shippers of said cargo, and/or pursuant to other contract(s) of carriage, agreed to transport and carry the said shipments to the destination stated therein, and there deliver the same in like good order and condition as when shipped, delivered to, and received by them, to the consignees named in the bills of lading.

50.    The MSC Defendants, John Doe Defendants, and Defendant Vessels also were contractually and/or otherwise obligated pursuant to custom, trade, practice, or prior experience, to perform a proper cold treatment to the cargo in accordance with laws and regulations.

51.    Thereafter, Defendants loaded the said merchandise on the vessels, which having on board said merchandise, sailed from the port(s) of loading, but upon delivery of the cargo to the consignees, the cargo was not in the same good order and condition as when delivered to Defendants and the vessels, but rather, the cargo was seriously impaired in value by reason of sustaining physical damage and/or shortage, *inter alia*.

52.    Defendants unreasonably delayed and/or deviated in delivering the cargo at the required place of delivery, such unreasonable delay or deviation causing or contributing to the damage to the cargo.

53.    The loss of and damage to Plaintiffs' merchandise was not caused by any act or omission of Plaintiffs or those for whom they may be responsible, but instead was caused by the unseaworthiness of the Defendant vessels, and the violation of Defendants' duties and obligations as common carriers by water for hire, and/or private carriers by water for hire, and the breach of

Defendants' contracts of carriage and other agreements with Plaintiffs, and/or their failure to properly care for and to perform a proper cold treatment in accordance with laws and regulations, contractual obligations, and/or custom, trade, practice, or prior experience, and/or their failure to properly and timely deliver the cargo at destination.

54.     By reason of the unseaworthiness of the Defendant vessels, and/or Defendants' breach of the contracts of carriage and other agreements with Plaintiffs, and/or their failure to comply with laws and regulations, contractual obligations, and/or custom, trade, practice, or prior experience with Plaintiffs, or as has been established in the trade, and/or their failure to properly care for and to perform a proper cold treatment in accordance with laws and regulations, contractual obligations, and/or custom, trade, practice, or prior experience, and/or their failure to properly and timely deliver the cargo at destination, Plaintiffs El Boura and Seven Seas have sustained damages as described in Exhibit "C", plus interest, costs, and attorney's fees. Plaintiffs reserve the right to increase this amount should their losses ultimately be in excess thereof.

55.     The applicable bills of lading and/or contracts of carriage are governed by the general maritime law of the United States and/or the Carriage of Goods by Sea Act, Ch. 229, 49 Stat 1207 (1936), reprinted in note following 46 U.S.C. §30701, formerly 46 U.S.C. appx. §1300 et seq., and/or the Harter Act, and/or other applicable treaties, laws, or conventions.

56.     By reason of the aforesaid, Plaintiffs have maritime liens on the Defendant vessels.

WHEREFORE, Plaintiffs pray that:

(a)     Process of arrest in due form of law according to the practice of this Honorable Court in causes of admiralty and maritime claims may issue against the vessels, their

engines, boilers, etc. as provided in the Supplemental Admiralty Rules of the Federal Rules of Civil Procedure; that all persons having or claiming any interest therein be cited to appear and answer, under oath, all and singular, the matters herein; that judgment be entered in favor of Plaintiffs for the damages as aforesaid, with interest, costs, and attorney's fees; that the said vessels be condemned and sold, and the proceeds of said sale be brought into this Court and applied to pay Plaintiffs the sums found due them.

(b)     Process in due form of law according to the practice of this Honorable Court may issue against Defendants citing them to appear and answer, under oath, all and singular, the matters herein.

(c)     If Defendants cannot be found within this District, then all of their property, credits, and/or effects in the possession of any person, partnership, or corporation, including any vessel owned or operated by said Defendants, be attached as provided in the Supplemental Admiralty Rules of the Federal Rules of Civil Procedure in an amount double the above claimed damages.

(d)     Judgment be entered in favor of Plaintiffs and against Defendants, jointly or severally, for the damages and losses as aforesaid, with interest, costs, and attorney's fees.

(e)     The Court grant such other and further relief to Plaintiffs as in law and justice they may be entitled to receive.

## COUNT SIX

### (EL BOURA AND SEVEN SEAS V. MSC, JOHN DOE DEFENDANTS AND VESSELS MSC MAYA AND MSC ELA)

57.     Plaintiffs incorporate the averments contained in paragraphs 1-18, and 45-56,

inclusive, with the same force and effect as if fully set forth herein.

58.     The loss of and damage to the cargo of Plaintiffs El Boura and Seven Seas was caused by the carelessness, negligence, breach of duty, breach of warranty, breach of their obligations as bailees, and lack of due care of the MSC, John Doe, and Vessel Defendants.

59.     By reason of the MSC, John Doe, and Vessel Defendants' carelessness, negligence, breach of duty or breach of warranty, breach of their obligations as bailees, and lack of due care, Plaintiffs El Boura and Seven Seas have sustained damages described in Exhibit "C", plus interest, costs, and attorney's fees. Plaintiffs reserve the right to increase this amount should their losses ultimately be in excess thereof.

60.     By reason of the aforesaid, Plaintiffs have maritime liens on the vessels.

WHEREFORE, Plaintiffs pray that:

(a)     Process of arrest in due form of law according to the practice of this Honorable Court in causes of admiralty and maritime claims may issue against the vessels, their engines, boilers, etc. as provided in the Supplemental Admiralty Rules of the Federal Rules of Civil Procedure; that all persons having or claiming any interest therein be cited to appear and answer, under oath, all and singular, the matters herein; that judgment be entered in favor of Plaintiffs for the damages as aforesaid, with interest, costs, and attorney's fees; that the said vessels be condemned and sold and the proceeds of said sale be brought into this Court and applied to pay Plaintiffs the sums found due them.

(b)     Process in due form of law according to the practice of this Honorable Court may issue against Defendants citing them to appear and answer, under oath, all and singular, the matters herein.

(c)      If Defendants cannot be found within this District, then all of their property, credits, and/or effects in the possession of any person, partnership, or corporation, including any vessel owned or operated by said Defendants, be attached as provided in the Supplemental Admiralty Rules of the Federal Rules of Civil Procedure in an amount double the above claimed damages.

(d)      Judgment be entered in favor of Plaintiffs and against Defendants, jointly or severally, for the damages as aforesaid, with interest, costs and attorney's fees.

(e)      The Court grant such other and further relief to Plaintiffs as in law and justice they may be entitled to receive.

## COUNT SEVEN

### (LIMOUNA SOUSS AND SEVEN SEAS V. MAERSK, JOHN DOE DEFENDANTS AND VESSELS REECON WHALE, K-WAVE, AND MAERSK VIRGINIA)

61.      Plaintiffs incorporate the averments contained in paragraphs 1-18, inclusive, with the same force and effect as if fully set forth herein.

62.      The particulars of the shipments and parties which are the subject of this Count of the Complaint are described  in Exhibit "D."

63.       On or about the dates set forth in Exhibit "D"at Agadir, Morocco (hereinafter "place of loading"), there was shipped and delivered to the Maersk,  John Doe Defendants, and to the Defendant vessels REECON WHALE, K-WAVE, and MAERSK VIRGINIA, as common and/or private carriers, for delivery to the ports and/or places of destination set forth in the bills of lading, cargoes of clementines in boxes, owned by, and/or shipped by, and/or consigned to Plaintiffs Limouna Souss and Seven Seas, then being in good order and condition, and

Defendants then and there accepted said cargo so shipped and delivered to them, and in consideration of certain agreed freight charges, executed and delivered, and/or ratified, certain bills of lading, as identified in Exhibit "D," to the shippers of said cargo and/or pursuant to other contract(s) of carriage, agreed to transport and carry the said shipments to the destination stated therein and there deliver the same in like good order and condition as when shipped, delivered to, and received by them, to the consignees named in the bills of lading.

64.     The Maersk Defendants, the John Doe Defendants, and the Defendant Vessels also were contractually and/or otherwise obligated pursuant to custom, trade, practice, or prior experience, to perform a proper cold treatment to the cargo in accordance with laws and regulations.

65.     Thereafter, Defendants loaded the said merchandise on the vessels, which having on board said merchandise, sailed from the port(s) of loading, but upon delivery of the cargo to the consignees, the cargo was not in the same good order and condition as when delivered to Defendants and the vessels, but rather, the cargo was seriously impaired in value by reason of sustaining physical damage and/or shortage, *inter alia*.

66.     Defendants unreasonably delayed and/or deviated in delivering the cargo at the required place of delivery, such unreasonable delay or deviation causing or contributing to the damage to the cargo.

67.     The loss of and damage to Plaintiffs' merchandise was not caused by any act or omission of Plaintiffs or those for whom they may be responsible, but instead was caused by the unseaworthiness of the Defendant vessels and the violation of Defendants' duties and obligations as common carriers by water for hire, and/or private carriers by water for hire, and the breach of

Defendants' contracts of carriage and other agreements with Plaintiffs, and/or their failure to properly care for and to perform a proper cold treatment in accordance with laws and regulations, contractual obligations, and/or custom, trade, practice, or prior experience, and/or their failure to properly and timely deliver the cargo at destination.

68.     By reason of the unseaworthiness of the Defendant vessels, and/or Defendants' breach of the contracts of carriage and other agreements with Plaintiffs, and/or their failure to comply with laws and regulations, contractual obligations, and/or custom, trade, practice, or prior experience with Plaintiffs, or as has been established in the trade, and/or their failure to properly care for and to perform a proper cold treatment in accordance with laws and regulations, contractual obligations, and/or custom, trade, practice, or prior experience, and/or their failure to properly and timely deliver the cargo at destination, Plaintiffs Limouna Souss and Seven Seas have sustained damages as described in Exhibit "D", plus interest, costs, and attorney's fees. Plaintiffs reserve the right to increase this amount should their losses ultimately be in excess thereof.

69.     The applicable bills of lading and/or contracts of carriage are governed by the general maritime law of the United States and/or the Carriage of Goods by Sea Act, Ch. 229, 49 Stat 1207 (1936), reprinted in note following 46 U.S.C. §30701, formerly 46 U.S.C. appx. §1300 et seq., and/or the Harter Act, and/or other applicable treaties, laws, or conventions.

70.     By reason of the aforesaid, Plaintiffs have maritime liens on the Defendant vessels.

WHEREFORE, Plaintiffs pray that:

(a)     Process of arrest in due form of law according to the practice of this

-24-

Honorable Court in causes of admiralty and maritime claims may issue against the vessels, their engines, boilers, etc. as provided in the Supplemental Admiralty Rules of the Federal Rules of Civil Procedure; that all persons having or claiming any interest therein be cited to appear and answer, under oath, all and singular, the matters herein; that judgment be entered in favor of Plaintiffs for the damages as aforesaid, with interest, costs, and attorney's fees; that the said vessels be condemned and sold, and the proceeds of said sale be brought into this Court and applied to pay Plaintiffs the sums found due them.

(b)     Process in due form of law according to the practice of this Honorable Court may issue against Defendants citing them to appear and answer, under oath, all and singular, the matters herein.

(c)     If Defendants cannot be found within this District, then all of their property, credits, and/or effects in the possession of any person, partnership, or corporation, including any vessel owned or operated by said Defendants, be attached as provided in the Supplemental Admiralty Rules of the Federal Rules of Civil Procedure in an amount double the above claimed damages.

(d)     Judgment be entered in favor of Plaintiffs and against Defendants, jointly or severally, for the damages and losses as aforesaid, with interest, costs, and attorney's fees.

(e)     The Court grant such other and further relief to Plaintiffs as in law and justice they may be entitled to receive.

## COUNT EIGHT

**(LIMOUNA SOUSS AND SEVEN SEAS V. MAERSK, JOHN DOE DEFENDANTS AND VESSELS REECON WHALE, K-WAVE, AND MAERSK VIRGINIA)**

71.     Plaintiffs incorporate the averments contained in paragraphs 1-18, and 61-70, inclusive, with the same force and effect as if fully set forth herein.

72.     The loss of and damage to the cargo of Limouna Souss and Seven Seas was caused by the carelessness, negligence, breach of duty, breach of warranty, breach of their obligations as bailees, and lack of due care of the Maersk, John Doe, and Vessel Defendants.

73.     By reason of the Maersk, John Doe, and Vessel Defendants' carelessness, negligence, breach of duty or breach of warranty, breach of their obligations as bailee, and lack of due care, Plaintiffs Limouna Souss and Seven Seas have sustained damages described in Exhibit "D", plus interest, costs, and attorney's fees. Plaintiffs reserve the right to increase this amount should their losses ultimately be in excess thereof.

74.     By reason of the aforesaid, Plaintiffs have maritime liens on the vessels.

WHEREFORE, Plaintiffs pray that:

(a)     Process of arrest in due form of law according to the practice of this Honorable Court in causes of admiralty and maritime claims may issue against the vessels, their engines, boilers, etc. as provided in the Supplemental Admiralty Rules of the Federal Rules of Civil Procedure; that all persons having or claiming any interest therein be cited to appear and answer, under oath, all and singular, the matters herein; that judgment be entered in favor of Plaintiffs for the damages as aforesaid, with interest, costs, and attorney's fees; that the said vessels be condemned and sold, and the proceeds of said sale be brought into this Court and

applied to pay Plaintiffs the sums found due them.

(b)    Process in due form of law according to the practice of this Honorable Court may issue against Defendants citing them to appear and answer, under oath, all and singular, the matters herein.

(c)    If Defendants cannot be found within this District, then all of their property, credits, and/or effects in the possession of any person, partnership, or corporation, including any vessel owned or operated by said Defendants, be attached as provided in the Supplemental Admiralty Rules of the Federal Rules of Civil Procedure in an amount double the above claimed damages.

(d)    Judgment be entered in favor of Plaintiffs and against Defendants, jointly or severally, for the damages as aforesaid, with interest, costs, and attorney's fees.

(e)    The Court grant such other and further relief to Plaintiffs as in law and justice they may be entitled to receive.

## COUNT NINE

### (SWF AND SEVEN SEAS V. MAERSK, JOHN DOE DEFENDANTS AND VESSELS REECON WHALE, K-WAVE, MAERSK VIRGINIA, WESTERTAL, MAERSK JURONG, CONCORDIA, AND MAERSK JUBAIL)

75.    Plaintiffs incorporate the averments contained in paragraphs 1-18, inclusive, with the same force and effect as if fully set forth herein.

76.    The particulars of the shipments and parties which are the subject of this Count of the Complaint are described  in Exhibit "E."

77.    On or about the dates set forth in Exhibit "E"at Agadir, Morocco (hereinafter "place of loading"), there was shipped and delivered to the Maersk, John Doe Defendants, and to

the Defendant vessels REECON WHALE, K-WAVE, MAERSK VIRGINIA, WESTERTAL,

MAERSK JURONG, and MAERSK JUBAIL, as common and/or private carriers, for delivery to

the ports and/or places of destination set forth in the bills of lading, cargoes of clementines in

boxes, owned by, and/or shipped by, and/or consigned to Plaintiffs SWF and Seven Seas, then

being in good order and condition, and Defendants then and there accepted said cargo so shipped

and delivered to them, and in consideration of certain agreed freight charges, executed and

delivered, and/or ratified certain bills of lading, as identified in Exhibit "E", to the shippers of

said cargo and/or pursuant to other contract(s) of carriage, agreed to transport and carry the said

shipments to the destination stated therein, and there deliver the same in like good order and

condition as when shipped, delivered to, and received by them, to the consignees named in the

bills of lading.

     78.     The Maersk Defendants, John Doe Defendants, and Defendant Vessels also were

contractually and/or otherwise obligated pursuant to custom, trade, practice, or prior experience,

to perform a proper cold treatment to the cargo in accordance with laws and regulations.

     79.     Thereafter, Defendants loaded the said merchandise on the vessels, which having

on board said merchandise sailed from the port(s) of loading, but upon delivery of the cargo to

the consignees, the cargo was not in the same good order and condition as when delivered to

Defendants and the vessels, but rather the cargo was seriously impaired in value by reason of

sustaining physical damage and/or shortage, *inter alia*.

     80.     Defendants unreasonably delayed and/or deviated in delivering the cargo at the

required place of delivery, such unreasonable delay or deviation causing or contributing to the

damage to the cargo.

81.    The loss of and damage to Plaintiffs' merchandise was not caused by any act or omission of Plaintiffs or those for whom they may be responsible, but instead was caused by the unseaworthiness of the Defendant vessels and the violation of Defendants' duties and obligations as common carriers by water for hire, and/or private carriers by water for hire, and the breach of Defendants' contracts of carriage and other agreements with Plaintiffs, and/or their failure to properly care for and to perform a proper cold treatment in accordance with laws and regulations, contractual obligations, and/or custom, trade, practice, or prior experience, and/or their failure to properly and timely deliver the cargo at destination.

82.    By reason of the unseaworthiness of the Defendant vessels, and/or Defendants' breach of the contracts of carriage and other agreements with Plaintiffs, and/or their failure to comply with laws and regulations, contractual obligations, and/or custom, trade, practice, or prior experience with Plaintiffs, or as has been established in the trade, and/or their failure to properly care for and to perform a proper cold treatment in accordance with laws and regulations, contractual obligations, and/or custom, trade, practice, or prior experience, and/or their failure to properly and timely deliver the cargo at destination, Plaintiffs have sustained damages as described in Exhibit "E", plus interest, costs, and attorney's fees. Plaintiffs reserve the right to increase this amount should their losses ultimately be in excess thereof.

83.    The applicable bills of lading and/or contracts of carriage are governed by the general maritime law of the United States and/or the Carriage of Goods by Sea Act, Ch. 229, 49 Stat 1207 (1936), reprinted in note following 46 U.S.C. §30701, formerly 46 U.S.C. appx. §1300 et seq., and/or the Harter Act, and/or other applicable treaties, laws or conventions.

84.    By reason of the aforesaid, Plaintiffs have maritime liens on the Defendant

vessels.

WHEREFORE, Plaintiffs pray that:

(a)    Process of arrest in due form of law according to the practice of this Honorable Court in causes of admiralty and maritime claims may issue against the vessels, their engines, boilers, etc. as provided in the Supplemental Admiralty Rules of the Federal Rules of Civil Procedure; that all persons having or claiming any interest therein be cited to appear and answer, under oath, all and singular, the matters herein; that judgment be entered in favor of Plaintiffs for the damages as aforesaid, with interest, costs, and attorney's fees; that the said vessels be condemned and sold, and the proceeds of said sale be brought into this Court and applied to pay Plaintiffs the sums found due them.

(b)    Process in due form of law according to the practice of this Honorable Court may issue against Defendants citing them to appear and answer, under oath, all and singular, the matters herein.

(c)    If Defendants cannot be found within this District, then all of their property, credits, and/or effects in the possession of any person, partnership, or corporation, including any vessel owned or operated by said Defendants, be attached as provided in the Supplemental Admiralty Rules of the Federal Rules of Civil Procedure in an amount double the above claimed damages.

(d)    Judgment be entered in favor of Plaintiffs and against Defendants, jointly or severally, for the damages and losses as aforesaid, with interest, costs, and attorney's fees.

(e)    The Court grant such other and further relief to Plaintiffs as in law and justice they may be entitled to receive.

## COUNT TEN

### (SWF AND SEVEN SEAS V. MAERSK, JOHN DOE DEFENDANTS AND VESSELS REECON WHALE, K-WAVE, MAERSK VIRGINIA, WESTERTAL, MAERSK JURONG, CONCORDIA, AND MAERSK JUBAIL)

85.     Plaintiffs  incorporate the averments contained in paragraphs 1-18, and 75-84, inclusive, with the same force and effect as if fully set forth herein.

86.     The loss of and damage to the cargo of Plaintiffs SWF and Seven Seas was caused by the carelessness, negligence, breach of duty, breach of warranty, breach of their obligations as bailees, and lack of due care of the Maersk, John Doe, and Vessel Defendants.

87.     By reason of the Maersk, John Doe, and Vessel Defendants' carelessness, negligence, breach of duty or breach of warranty, breach of their obligations as bailees, and lack of due care, Plaintiffs SWF and Seven Seas have sustained damages described in Exhibit "E", plus interest, costs, and attorney's fees. Plaintiffs reserve the right to increase this amount should their losses ultimately be in excess thereof.

88.     By reason of the aforesaid, Plaintiffs have maritime liens on the vessels.

WHEREFORE, Plaintiffs pray that:

(a)     Process of arrest in due form of law according to the practice of this Honorable Court in causes of admiralty and maritime claims may issue against the vessels, their engines, boilers, etc. as provided in the Supplemental Admiralty Rules of the Federal Rules of Civil Procedure; that all persons having or claiming any interest therein be cited to appear and answer, under oath, all and singular, the matters herein; that judgment be entered in favor of Plaintiffs for the damages as aforesaid, with interest, costs, and attorney's fees; that the said vessels be condemned and sold, and the proceeds of said sale be brought into this Court and

applied to pay Plaintiffs the sums found due them.

(b)     Process in due form of law according to the practice of this Honorable Court may issue against Defendants citing them to appear and answer, under oath, all and singular, the matters herein.

(c)     If Defendants cannot be found within this District, then all of their property, credits, and/or effects in the possession of any person, partnership, or corporation, including any vessel owned or operated by said Defendants, be attached as provided in the Supplemental Admiralty Rules of the Federal Rules of Civil Procedure in an amount double the above claimed damages.

(d)     Judgment be entered in favor of Plaintiffs and against Defendants, jointly or severally, for the damages as aforesaid, with interest, costs, and attorney's fees.

(e)     The Court grant such other and further relief to Plaintiffs as in law and justice they may be entitled to receive.

**COUNT ELEVEN**

**(SWF AND GLOBAL FRESH V. MAERSK, JOHN DOE DEFENDANTS AND VESSELS REECON WHALE, WESTERTAL, CMA-CGM LAVENDER, AND CAMELLIA)**

89.     Plaintiffs incorporate the averments contained in paragraphs 1-18, inclusive, with the same force and effect as if fully set forth herein.

90.     The particulars of the shipments and parties which are the subject of this Count of the Complaint are described in Exhibit "F".

91.     On or about the dates set forth in Exhibit "F"at Agadir, Morocco (hereinafter "place of loading"), there was shipped and delivered to the Maersk, John Doe Defendants and the

Defendant vessels REECON WHALE, WESTERTAL, CGM LAVENDER and CAMELLIA, as common and/or private carriers, for delivery to the ports and/or places of destination set forth in the bills of lading, cargoes of clementines in boxes, owned by, and/or shipped by, and/or consigned to Plaintiffs SWF and Global, then being in good order and condition, and Defendants then and there accepted said cargo so shipped and delivered to them, and in consideration of certain agreed freight charges, executed and delivered, and/or ratified certain bills of lading, as identified in Exhibit "F", to the shippers of said cargo and/or pursuant to other contract(s) of carriage, agreed to transport and carry the said shipments to the destination stated therein, and there deliver the same in like good order and condition as when shipped, delivered to, and received by them, to the consignees named in the bills of lading.

92.    The Maersk Defendants, John Doe Defendants, and Defendant Vessels also were contractually and/or otherwise obligated pursuant to custom, trade, practice, or prior experience, to perform a proper cold treatment to the cargo in accordance with laws and regulations.

93.    Thereafter, Defendants loaded the said merchandise on the vessels, which having on board said merchandise, sailed from the port(s) of loading, but upon delivery of the cargo to the consignees, the cargo was not in the same good order and condition as when delivered to Defendants and the vessels, but rather, the cargo was seriously impaired in value by reason of sustaining physical damage and/or shortage, *inter alia*.

94.    Defendants unreasonably delayed and/or deviated in delivering the cargo at the required place of delivery, such unreasonable delay or deviation causing or contributing to the damage to the cargo.

95.    The loss of and damage to Plaintiffs' merchandise was not caused by any act or

omission of Plaintiffs or those for whom they may be responsible, but instead was caused by the

unseaworthiness of the Defendant vessels and the violation of Defendants' duties and obligations

as common carriers by water for hire, and/or private carriers by water for hire, and the breach of

Defendants' contracts of carriage and other agreements with Plaintiffs, and/or their failure to

properly care for and to perform a proper cold treatment in accordance with laws and regulations,

contractual obligations, and/or custom, trade, practice, or prior experience, and/or their failure to

properly and timely deliver the cargo at destination.

96.     By reason of the unseaworthiness of the Defendant vessels, and/or Defendants'

breach of the contracts of carriage and other agreements with Plaintiffs, and/or their failure to

comply with laws and regulations, contractual obligations, and/or custom, trade, practice, or prior

experience with Plaintiffs, or as has been established in the trade, and/or their failure to properly

care for and to perform a proper cold treatment in accordance with laws and regulations,

contractual obligations, and/or custom, trade, practice, or prior experience, and/or their failure to

properly and timely deliver the cargo at destination, Plaintiffs have sustained damages as

described in Exhibit "F", plus interest, costs, and attorney's fees. Plaintiffs reserve the right to

increase this amount should their losses ultimately be in excess thereof.

97.     The applicable bills of lading and/or contracts of carriage are governed by the

general maritime law of the United States and/or the Carriage of Goods by Sea Act, Ch. 229, 49

Stat 1207 (1936), reprinted in note following 46 U.S.C. §30701, formerly 46 U.S.C. appx. §1300

et seq., and/or the Harter Act, and/or other applicable treaties, laws or conventions.

98.     By reason of the aforesaid, Plaintiffs have maritime liens on the Defendant

vessels.

WHEREFORE, Plaintiffs pray that:

(a)     Process of arrest in due form of law according to the practice of this Honorable Court in causes of admiralty and maritime claims may issue against the vessels, their engines, boilers, etc. as provided in the Supplemental Admiralty Rules of the Federal Rules of Civil Procedure; that all persons having or claiming any interest therein be cited to appear and answer, under oath, all and singular, the matters herein; that judgment be entered in favor of Plaintiffs for the damages as aforesaid, with interest, costs, and attorney's fees; that the said vessels be condemned and sold, and the proceeds of said sale be brought into this Court and applied to pay Plaintiffs the sums found due them.

(b)     Process in due form of law according to the practice of this Honorable Court may issue against Defendants citing them to appear and answer, under oath, all and singular, the matters herein.

(c)     If Defendants cannot be found within this District, then all of their property, credits, and/or effects in the possession of any person, partnership, or corporation, including any vessel owned or operated by said Defendants, be attached as provided in the Supplemental Admiralty Rules of the Federal Rules of Civil Procedure in an amount double the above claimed damages.

(d)     Judgment be entered in favor of Plaintiffs and against Defendants, jointly or severally, for the damages and losses as aforesaid, with interest, costs, and attorney's fees.

(e)     The Court grant such other and further relief to Plaintiffs as in law and justice they may be entitled to receive.

## COUNT TWELVE

## (SWF AND GLOBAL V. MAERSK, JOHN DOE DEFENDANTS AND VESSELS REECON WHALE, WESTERTAL, CMA-CGM LAVENDER AND CAMELLIA)

99.     Plaintiffs incorporate the averments contained in paragraphs 1-18, and 89-98, inclusive, with the same force and effect as if fully set forth herein.

100.     The loss of and damage to the cargo of Plaintiffs SWF and Global was caused by the carelessness, negligence, breach of duty, breach of warranty, breach of their obligations as bailees, and lack of due care of the Maersk, John Doe, and Vessel Defendants.

101.     By reason of the Maersk, John Doe, and Vessel Defendants' carelessness, negligence, breach of duty or breach of warranty, breach of their obligations as bailees, and lack of due care, Plaintiffs SWF and Global have sustained damages described in Exhibit "F", plus interest, costs, and attorney's fees. Plaintiffs reserve the right to increase this amount should their losses ultimately be in excess thereof.

102.     By reason of the aforesaid, Plaintiffs have maritime liens on the vessels.

WHEREFORE, Plaintiffs pray that:

(a)     Process of arrest in due form of law according to the practice of this Honorable Court in causes of admiralty and maritime claims may issue against the vessels, their engines, boilers, etc. as provided in the Supplemental Admiralty Rules of the Federal Rules of Civil Procedure; that all persons having or claiming any interest therein be cited to appear and answer, under oath, all and singular, the matters herein; that judgment be entered in favor of Plaintiffs for the damages as aforesaid, with interest, costs, and attorney's fees; that the said vessels be condemned and sold, and the proceeds of said sale be brought into this Court and

applied to pay Plaintiffs the sums found due them.

(b)     Process in due form of law according to the practice of this Honorable Court may issue against Defendants citing them to appear and answer, under oath, all and singular, the matters herein.

(c)     If Defendants cannot be found within this District, then all of their property, credits, and/or effects in the possession of any person, partnership, or corporation, including any vessel owned or operated by said Defendants, be attached as provided in the Supplemental Admiralty Rules of the Federal Rules of Civil Procedure in an amount double the above claimed damages.

(d)     Judgment be entered in favor of Plaintiffs and against Defendants, jointly or severally, for the damages as aforesaid, with interest, costs, and attorney's fees.

(e)     The Court grant such other and further relief to Plaintiffs as in law and justice they may be entitled to receive.

## COUNT THIRTEEN

### (SWF AND GLOBAL FRESH V. MSC, JOHN DOE DEFENDANTS AND VESSEL MSC MAYA)

103.    Plaintiffs incorporate the averments contained in paragraphs 1-18, inclusive, with the same force and effect as if fully set forth herein.

104.    The particulars of the shipments and parties which are the subject of this Count of the Complaint are described  in Exhibit "G".

105.    On or about the dates set forth in Exhibit "G"at Agadir, Morocco (hereinafter "place of loading"), there was shipped and delivered to the MSC, John Doe Defendants, and the

Defendant vessel MSC MAYA, as common and/or private carriers, for delivery to the ports

and/or places of destination set forth in the bills of lading, cargoes of clementines in boxes,

owned by, and/or shipped by, and/or consigned to Plaintiffs SWF and Global, then being in good

order and condition, and Defendants then and there accepted said cargo so shipped and delivered

to them, and in consideration of certain agreed freight charges, executed and delivered, and/or

ratified, certain bills of lading, as identified in Exhibit "G", to the shippers of said cargo and/or

pursuant to other contract(s) of carriage, agreed to transport and carry the said shipments to the

destination stated therein, and there deliver the same in like good order and condition as when

shipped, delivered to, and received by them, to the consignees named in the bills of lading.

106.    The MSC Defendants, the John Doe Defendants and the Defendant Vessels also

were contractually and/or otherwise obligated pursuant to custom, trade, practice, or prior

experience, to perform a proper cold treatment to the cargo in accordance with laws and

regulations.

107.    Thereafter, Defendants loaded the said merchandise on the vessels, which having

on board said merchandise, sailed from the port(s) of loading, but upon delivery of the cargo to

the consignees, the cargo was not in the same good order and condition as when delivered to

Defendants and the vessels, but rather, the cargo was seriously impaired in value by reason of

sustaining physical damage and/or shortage, *inter alia*.

108.    Defendants unreasonably delayed and/or deviated in delivering the cargo at the

required place of delivery, such unreasonable delay or deviation causing or contributing to the

damage to the cargo.

109.    The loss of and damage to Plaintiffs' merchandise was not caused by any act or

omission of Plaintiffs or those for whom they may be responsible, but instead was caused by the unseaworthiness of the Defendant vessels and the violation of Defendants' duties and obligations as common carriers by water for hire, and/or private carriers by water for hire, and the breach of Defendants' contracts of carriage and other agreements with Plaintiffs, and/or their failure to properly care for and to perform a proper cold treatment in accordance with laws and regulations, contractual obligations, and/or custom, trade, practice, or prior experience, and/or their failure to properly and timely deliver the cargo at destination.

110.    By reason of the unseaworthiness of the Defendant vessels, and/or Defendants' breach of the contracts of carriage and other agreements with Plaintiffs, and/or their failure to comply with laws and regulations, contractual obligations, and/or custom, trade, practice, or prior experience with Plaintiffs, or as has been established in the trade, and/or their failure to properly care for and to perform a proper cold treatment in accordance with laws and regulations, contractual obligations, and/or custom, trade, practice, or prior experience, and/or their failure to properly and timely deliver the cargo at destination, Plaintiffs have sustained damages as described in Exhibit "G" plus interest, costs, and attorney's fees. Plaintiffs reserve the right to increase this amount should their losses ultimately be in excess thereof.

111.    The applicable bills of lading and/or contracts of carriage are governed by the general maritime law of the United States and/or the Carriage of Goods by Sea Act, Ch. 229, 49 Stat 1207 (1936), reprinted in note following 46 U.S.C. §30701, formerly 46 U.S.C. appx. §1300 et seq., and/or the Harter Act, and/or other applicable treaties, laws or conventions.

112.    By reason of the aforesaid, Plaintiffs have maritime liens on the Defendant vessels.

WHEREFORE, Plaintiffs pray that:

(a)     Process of arrest in due form of law according to the practice of this Honorable Court in causes of admiralty and maritime claims may issue against the vessels, their engines, boilers, etc. as provided in the Supplemental Admiralty Rules of the Federal Rules of Civil Procedure; that all persons having or claiming any interest therein be cited to appear and answer, under oath, all and singular, the matters herein; that judgment be entered in favor of Plaintiffs for the damages as aforesaid, with interest, costs, and attorney's fees; that the said vessels be condemned and sold, and the proceeds of said sale be brought into this Court and applied to pay Plaintiffs the sums found due them.

(b)     Process in due form of law according to the practice of this Honorable Court may issue against Defendants citing them to appear and answer, under oath, all and singular, the matters herein.

(c)     If Defendants cannot be found within this District, then all of their property, credits, and/or effects in the possession of any person, partnership, or corporation, including any vessel owned or operated by said Defendants, be attached as provided in the Supplemental Admiralty Rules of the Federal Rules of Civil Procedure in an amount double the above claimed damages.

(d)     Judgment be entered in favor of Plaintiffs and against Defendants, jointly or severally, for the damages and losses as aforesaid, with interest, costs, and attorney's fees.

(e)     The Court grant such other and further relief to Plaintiffs as in law and justice they may be entitled to receive.

## COUNT FOURTEEN

### (SWF AND GLOBAL FRESH V. MSC, JOHN DOE DEFENDANTS AND VESSEL MSC MAYA)

113.    Plaintiffs incorporate the averments contained in paragraphs 1-18, and 103-112, inclusive, with the same force and effect as if fully set forth herein

114.    The loss of and damage to the cargo of Plaintiffs SWF and Global was caused by the carelessness, negligence, breach of duty, breach of warranty, breach of their obligations as bailees, and lack of due care of the MSC, John Doe, and Vessel Defendant.

115.    By reason of the MSC, John Doe, and Vessel Defendants' carelessness, negligence, breach of duty or breach of warranty, breach of their obligations as bailees, and lack of due care, Plaintiffs SWF and Global have sustained damages described in Exhibit "G", plus interest, costs, and attorney's fees. Plaintiffs reserve the right to increase this amount should their losses ultimately be in excess thereof.

116.    By reason of the aforesaid, Plaintiffs have a maritime lien on the vessel.

WHEREFORE, Plaintiffs pray that:

(a)    Process of arrest in due form of law according to the practice of this Honorable Court in causes of admiralty and maritime claims may issue against the vessels, their engines, boilers, etc. as provided in the Supplemental Admiralty Rules of the Federal Rules of Civil Procedure; that all persons having or claiming any interest therein be cited to appear and answer, under oath, all and singular, the matters herein; that judgment be entered in favor of Plaintiffs for the damages as aforesaid, with interest, costs, and attorney's fees; that the said vessels be condemned and sold, and the proceeds of said sale be brought into this Court and

applied to pay Plaintiffs the sums found due them.

        (b)    Process in due form of law according to the practice of this Honorable Court may issue against Defendants citing them to appear and answer, under oath, all and singular, the matters herein.

        (c)    If Defendants cannot be found within this District, then all of their property, credits, and/or effects in the possession of any person, partnership, or corporation, including any vessel owned or operated by said Defendants, be attached as provided in the Supplemental Admiralty Rules of the Federal Rules of Civil Procedure in an amount double the above claimed damages.

        (d)    Judgment be entered in favor of Plaintiffs and against Defendants, jointly or severally, for the damages as aforesaid, with interest, costs and attorney's fees.

        (e)    The Court grant such other and further relief to Plaintiffs as in law and justice they may be entitled to receive.

Mattioni, Ltd.


By: _____

Stephen J. Galati, Esquire
399 Market Street, Second Floor
Philadelphia, PA  19106
(215) 629-1600
Attorney for Plaintiff(s)


Date:  December 12, 2012


-42-